* * * * * * * * * * *
Plaintiff's former attorney Travis H. Simpson is seeking enforcement of an Order entered by the Executive Secretary upon his Motion to Withdraw and Request for Attorney's Fee filed in January 2002. The Order entered by the Executive Secretary dated February 8, 2002, allowed Attorney Simpson to withdraw from representation of Plaintiff and further stated, "Attorney Simpson shall be allowed to be heard with regards to reasonable attorney's fee at the appropriate time." In his motion to withdraw, Attorney Simpson stated that prior to being terminated he had expended several hours prosecuting Plaintiff's claim for workers' compensation benefits. The Full Commission takes judicial notice of all relevant motions, orders and agreements in the Industrial Commission file.
An Agreement for Final Compromise Settlement and Release was approved by Deputy Commissioner Houser on April 28, 2005. An attorney's fee in the amount of $35,000.00 was "approved for Plaintiff's Counsel of Record." This amount was ordered to be deducted and paid directly to Plaintiff's counsel. The Order Approving Agreement for Final Compromise Settlement and Release did not mention Plaintiff's former counsel and did not give Attorney Simpson an opportunity to be heard on his entitlement, if any, to a portion of the attorney's fee.
After seeking other remedies, Attorney Simpson filed a Motion for Appropriate Relief under Rule 60 of the North Carolina Rules of Civil Procedure. From the Deputy Commissioner's ruling that he had no jurisdiction over the matter in controversy because it involved an attorney's fee dispute between two attorneys, Attorney Simpson gave notice of appeal to the Full Commission.
After reviewing the Industrial Commission file and the briefs of Attorney Simpson and Attorney Lauver and listening to the oral argument of Attorney Simpson, the Full Commission is of the opinion that good grounds exist to amend the Order Approving Agreement for Final Compromise Settlement and Release filed April 28, 2005, and that the Industrial Commission has jurisdiction to enter the Order which follows.
It is THEREFORE ORDERED that the Order Approving Agreement for Final Compromise Settlement and Release by Bradley W. Houser, Deputy Commissioner is amended as follows: Paragraph 2 is stricken and the following paragraph is substituted in its place and instead:
 An attorney's fee of $35,000.00 is approved for Plaintiff's counsel. This amount shall be deducted from the sum due Plaintiff and paid directly to Plaintiff's current Counsel of Record. An attorney's fee for Plaintiff's prior attorney, Travis H. Simpson, is approved and shall be paid from a portion of the attorney's fee approved herein. The division of the attorney's fee is a matter over which the Commission has no jurisdiction.
IT IS FURTHER ORDERED that the Industrial Commission hereby allows Attorney Simpson to be heard as provided in the Executive Secretary's Order, through the submission of an itemized statement with supporting affidavit of the time expended on Plaintiff's workers' compensation claim. A copy of these documents shall be served upon Attorney Lauver.
This the __ day of July 2006.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER